## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**FILED**

FEB 1 8 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DON WAYNE McDANIEL, MARY and E.J.
DRISKILL, TODD SMITH, DANIEL
McKENZIE, RANDY C. SNYDER and DIANE
J. SNYDER, ROBERT J. SNYDER, PATRICIA
ANN POLSTON, ELIZABETH WARE, JOHN
BUTCHER, WENDELL C. HULL, FLYNN
RANCH OF TOWNSEND, INC., a Montana
corporation, and BILLINGS MEMORIAL, LLC,
an Oregon limited liability company, individually
and as representatives of a class of persons
similarly situated,

                Plaintiffs,

        v.

QWEST COMMUNICATIONS
CORPORATION, SPRINT
COMMUNICATIONS COMPANY, L.P.,
LEVEL 3 COMMUNICATIONS, LLC, and
WILLIAMS COMMUNICATIONS, LLC,

                Defendants.

CASE NO.

**05C 1008**

JUDGE PALLMEYER

MAGISTRATE JUDGE KEYS

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiffs, on behalf of themselves and all others similarly situated, by and through their

attorneys, for their complaint against defendants Qwest Communications Corporation ("Qwest"),

Sprint Communications Company, L.P. ("Sprint"), Level 3 Communications, LLC ("Level 3") and

Williams Communications, LLC ("Williams"), state as follows:

**NATURE OF THE CASE**

1.      This is an action seeking damages and injunctive relief for an unlawful and continuing trespass and unjust enrichment by defendants on the lands of plaintiffs and members of the plaintiff Class.

2.      Plaintiffs and members of the plaintiff Class are current and past owners of land. As part of national schemes and business plans, defendants entered onto the lands of plaintiffs and members of the plaintiff Class to install and maintain a fiber optic cable, which is frequently and ordinarily utilized to provide telecommunications services. Defendants own, maintained, operate and lease the installed fiber optic cable to telephone companies and other users at a substantial profit for their commercial benefit without paying any compensation to plaintiffs and members of the plaintiff Class. Because defendants have hidden their trespass from plaintiffs and the plaintiff Class, defendants have also been able to eliminate substantial expenses, including payment for easement rights and royalties, which they would have incurred if they had lawfully obtained easements from the landowners.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over the subject matter of this action pursuant to §1332 of the Judicial Code, 28 U.S.C. §1332, in that this case involves citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

4.      Venue is proper in the forum pursuant to §1391(a) of the Judicial Code, 28 U.S.C. §1391(a). Defendants are residents of this District, a substantial part of the property that is the subject of the action is situated in this District, and a substantial part of the events giving rise to the claim occurred in this District.

2

## PARTIES

5.    (a)    Plaintiff Don Wayne McDaniel is a citizen and resident of Arkansas and at all material times owned certain real estate situated in Conway, Arkansas, across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

(b)    Plaintiffs Mary and E.J. Driskill are citizens and residents of Arkansas and at all material times owned certain real estate situated in Pine Bluff, Arkansas, across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

(c)    Plaintiff Todd Smith is a citizen and resident of California and at all material times owned certain real estate situated in Morgan Hill, California across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

(d)    Plaintiff Daniel McKenzie is a citizen and resident of Florida and at all material times owned certain real estate situated in Milton, Florida across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

(e)    Plaintiffs Randy C. Snyder and Diane J. Snyder are citizens and residents of Illinois and at all material times owned certain real estate situated in Union Grove Township, Illinois across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

3

(f)     Plaintiff Robert J. Snyder is a citizen and resident of Indiana and at all material times owned certain real estate situated in LaPorte, Indiana across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

(g)     Plaintiff Patricia Ann Polston is a citizen and resident of Missouri and at all material times owned certain real estate situated in Gasconade, Missouri across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

(h)     Plaintiff Elizabeth Ware is a citizen and resident of Nevada and at all material times owned certain real estate situated in Beowawe, Nevada across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

(i)     Plaintiff John Butcher is a citizen and resident of Nevada and at all material times owned certain real estate situated in Imlay, Nevada across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

(j)     Plaintiff Wendell C. Hull is a citizen and resident of New Mexico and at all material times owned certain real estate situated in Las Cruces, New Mexico across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

(k)     Plaintiff Flynn Ranch of Townsend, Inc., a Montana corporation, is a citizen and resident of Montana and at all material times owned certain real estate situated in Townsend,

4

Montana across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

(l) Plaintiff Billings Memorial, LLC, an Oregon limited liability company, is a citizen and resident of Oregon and at all material times owned certain real estate situated in Ashland, Oregon across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

6. Defendant Qwest is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Denver, Colorado. Qwest is engaged in the business of providing telecommunications services to telephone companies and other communications providers and users in every state. Qwest has created, operated and leased to telephone companies the fiber optic cables that run through the lands of plaintiffs and members of the plaintiff Class.

7. Defendant Sprint is a Delaware Limited Partnership with its principal place of business in Kansas. Sprint is engaged in the business of providing telecommunications services to telephone companies and other communications providers and users in every state. Sprint has created, operated and leased to telephone companies the fiber optic cables that run through the lands of plaintiffs and members of the plaintiff Class.

8. Defendant Level 3 is a Delaware Limited Liability Company with its principal place of business in Broomfield, Colorado. Level 3 is engaged in the business of providing telecommunications services to telephone companies and other communications providers and users in many states. Level 3 or its predecessors in interest have installed, maintained, operated and leased

5

to telephone companies the fiber optic cables that run through the lands of plaintiffs and members of the plaintiff Class.

9.      Defendant Williams is a Delaware Limited Liability Company with its principal place of business in Tulsa, Oklahoma.      Williams is engaged in the business of providing telecommunications services to telephone companies and other communications providers and users in every state. Williams has created, operated and leased to telephone companies the fiber optic cables that run through the lands of plaintiffs and members of the plaintiff Class.

10.     The integrated network services offered by each defendant are in fact dependent upon its·access to and joint beneficial ownership rights under indefensible rights of use and by other mechanisms and juridical links. Defendants acted jointly and together as part of a common course of action in connection herewith.

11.     The defendants are jointly and severally liable to the plaintiffs and the members of the plaintiff Class for their continuing trespass and unjust enrichment as described hereafter.

## CLASS ACTION ALLEGATIONS

12.     Plaintiffs bring this action on their own behalf and as a class action pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of classes of landowners in the several states of the United States who currently or formerly owned the land through which Defendants have trespassed by installing and maintaining fiber optic cable.

13.     This cause is properly maintainable as a class action under Rule 23 for the following reasons:

(a)     Plaintiffs are each members of their own Class; the members of each Class are so numerous as to make it impracticable to bring them all before the Court. The exact number

6

and identities of the Class members are presently unknown to plaintiffs, but plaintiffs reasonably believes that there are tens of thousands of individuals who have been injured as a result of defendants' past and continuing trespass, unjust enrichment and wrongful conduct as alleged;

(b)     The claims of the Class involve common questions of both fact and law that predominate over any questions affecting only individual members. Among questions of law and fact common to the Class are:

(i)     Whether defendants have and continue to intentionally and unlawfully trespass on the lands owned by plaintiffs and members of the Class by installing, operating and maintaining fiber optic cable on the land without authority;

(ii)    Whether defendants have profited or been unjustly enriched by their use of fiber optic cable for a telecommunications system, which crosses the land owned by plaintiffs and members of the plaintiff Class;

(iii)   Whether defendants have installed, maintained, leased and operated fiber optic cable nationwide without seeking and obtaining the consent of plaintiffs and the members of the plaintiff class; and

(iv)    Whether defendants are liable to the Class for actual damages and punitive damages.

14.    (a)     Plaintiffs Don Wayne McDaniel and Mary and E.J. Driskill seek certification of a class defined as follows:

7

All present and former owners of land in the state of Arkansas adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

(b)     Plaintiff Todd Smith seeks certification of a class defined as follows:

All present and former owners of land in the state of California adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

(c)     Plaintiff Daniel McKenzie seeks certification of a class defined as follows:

All present and former owners of land in the state of Florida adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

(d)     Plaintiffs Randy C. Snyder and Diane J. Snyder seek certification of a class

        defined as follows:

All present and former owners of land in the state of Illinois adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

(e)     Plaintiff Robert J. Snyder seeks certification of a class defined as follows:

All present and former owners of land in the state of Indiana adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

(f)     Plaintiff Patricia Ann Polston seeks certification of a class defined as follows:

8

All present and former owners of land in the state of Missouri adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

(g)     Plaintiffs Elizabeth Ware and John Butcher seek certification of a class

defined as follows:

All present and former owners of land in the state of Nevada adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

(h)     Plaintiff Wendell C. Hull seeks certification of a class defined as follows:

All present and former owners of land in the state of New Mexico adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

(i)     Plaintiff Flynn Ranch of Townsend, Inc. seeks certification of a class defined

as follows:

All present and former owners of land in the state of Montana adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

(j)     Plaintiff Billings Memorial, LLC, seeks certification of a class defined as

follows:

All present and former owners of land in the state of Oregon adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

## COUNT I

## CONTINUING TRESPASS

15.    At a period presently unknown but believed to be in the late 1980's, defendants and their predecessors began to install fiber optic cable network for thousands of miles on land owned by the Class, including the land of the plaintiffs. The fiber optic cable was installed without permission or knowledge of plaintiffs or members of the plaintiff Class. Since the fiber optic cable was originally installed, defendants have not sought approval of or paid any compensation to plaintiffs or members of the plaintiff Class. Defendants have regularly and repeatedly used the fiber optic cable installed on the lands of plaintiffs and members of the plaintiff Class by sending messages and signals through the cable as part of their integrated nationwide telecommunications networks.

16.    Neither defendants nor their predecessors have secured any easements or sought condemnation or secured by any other means a lawful right to enter plaintiffs' and the Class' lands to install, maintain and operate fiber optic cable.

17.    At the time the fiber optic cable was installed on the lands owned by plaintiffs and members of the plaintiff Class, defendants knew that they had no lawful authority to use the Class' lands for such purpose.

18.    Defendants' entry and continuing trespass on the lands of plaintiffs and the plaintiff Class was and continues to be willful and malicious and has been done without the knowledge or consent of plaintiffs or the members of the plaintiff Class.

10

19.     The unlawful use of the land and continuing trespass on the land of plaintiffs and members of the plaintiff Class by defendants have resulted in significant savings and profits to defendants in the creation of their nationwide integrated telecommunications networks.

20.     As a result of the continuing trespass by defendants, plaintiffs and members of the plaintiff Class have each been injured.

### COUNT II

### QUASI CONTRACT -- UNJUST ENRICHMENT

21.     Plaintiffs incorporate by reference and realleges ¶¶1 through 20 as ¶21 of Count II.

22.     As a result of defendants' commercial use of the lands of plaintiffs and members of the plaintiff Class, defendants have received benefits and the Class has a reasonable expectation of being and right to be compensated. Defendants acted intentionally to obtain large profits at the expense of plaintiffs and the plaintiff Class. If defendants were allowed to retain the profits they have made are continuing to make and are reasonably likely to make in the future, on the operation, sale or lease of the fiber optic cable; they would be unjustly enriched.

23.     Plaintiffs and members of the plaintiff Class have been damaged and are entitled to all be compensated in full for the benefit obtained by defendants' unauthorized use of their lands.

24.     Defendants concealed their scheme from plaintiffs and members of the plaintiff Class with the intent to deceive and induce them to refrain from demanding compensation for defendants' unauthorized commercial use of their lands and stated that they had the right to install and maintain the fiber optic cable on the plaintiffs' and plaintiff Class' lands despite their knowledge that they had no such right. Plaintiffs and members of the plaintiff Class justifiably relied on defendants to inform them of defendants' intent to unlawfully profit from the use of the Class' lands.

25.     As a result of defendants' affirmative acts of concealment, all applicable statutes of limitation have been tolled and suspended.

26.     As a further result of defendants' scheme, plaintiffs and members of the plaintiff Class have been damaged.

WHEREFORE, plaintiffs pray:

27.     That this action be declared a proper class action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, that plaintiffs be named as class representatives and that plaintiffs' counsel be appointed as class counsel;

28.     That judgment be entered for each plaintiff and the plaintiff Class against defendants jointly and severally for trespass, awarding damages compensating plaintiffs and members of the plaintiff Class in an amount in excess of $75,000 each, exclusive of interest and costs;

29.     That judgment be entered for each plaintiff and members of the plaintiff Class and against defendants jointly and severally for punitive damages for defendants' intentional and malicious conduct;

30.     That defendants be preliminarily and permanently enjoined from trespassing upon the lands of plaintiffs and members of the plaintiff Class to use and maintain their fiber optic cables; and

31.     That plaintiffs and members of the plaintiff Class be awarded such other and further relief, including an award of attorneys' fees and expenses, as the Court deems proper.

Dated: February 17, 2005

12

DON WAYNE McDANIEL, MARY and E.J.
DRISKILL, TODD SMITH, DANIEL
McKENZIE, RANDY C. SNYDER and
DIANE J. SNYDER, ROBERT J. SNYDER,
PATRICIA ANN POLSTON, ELIZABETH
WARE, JOHN BUTCHER, WENDELL C.
HULL, FLYNN RANCH OF TOWNSEND,
INC., and BILLINGS MEMORIAL, LLC,
individually and as representatives of all
others similarly situated,

_____ (wr)
One of the attorneys for Plaintiffs

Arthur T. Susman
Charles R. Watkins
Susman & Watkins
Two First National Plaza
Suite 600
Chicago, Illinois 60603
(312) 346-3466

_____
William T. Gotfryd
Of Counsel
Susman & Watkins
Two First National Plaza
Suite 600
Chicago, Illinois 60603
(312) 346-3466

13

## JURY DEMAND

Plaintiffs demand trial by jury on all issues triable as of right by a jury.

_____