UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

DON WAYNE McDANIEL, MARY and E.J. )
DRISKILL, TODD SMITH, DANIEL )
McKENZIE, RANDY C. SNYDER and DIANE )
J. SNYDER, ROBERT J. SNYDER, PATRICIA )  CASE NO. 05C-1008
ANN POLSTON, ELIZABETH WARE, JOHN )   Judge Pallmeyer
BUTCHER, WENDELL C. HULL, FLYNN )     Magistrate Judge Keys
RANCH OF TOWNSEND, INC., a Montana )
corporation, and BILLINGS MEMORIAL, LLC, )
an Oregon limited liability company, individually )
and as representatives of a class of persons )
similarly situated, )
)
      Plaintiffs, )
)
v. )
)
QWEST COMMUNICATIONS )
CORPORATION, SPRINT )
COMMUNICATIONS COMPANY, L.P., )
LEVEL 3 COMMUNICATIONS, LLC, and )
WILLIAMS COMMUNICATIONS, LLC, )
)
      Defendants. )
)

FILED
MAR 24 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## LEVEL 3 COMMUNICATIONS, LLC'S ANSWER TO CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Level 3 Communications, LLC ("Level 3"), respectfully submits its Answer to the Class Action Complaint ("Complaint") filed by Plaintiffs Don Wayne McDaniel, Mary and E.J. Driskill, Todd Smith, Daniel McKenzie, Randy C. Snyder and Diane J. Snyder, Robert J. Snyder, Patricia Ann Polston, Elizabeth Ware, John Butcher, Wendell C. Hull, Flynn Ranch of Townsend, Inc., and Billings Memorial, LLC ("Plaintiffs"). Unless otherwise expressly admitted herein, each of the allegations contained in the Complaint is specifically denied. Subject to the foregoing, Level 3 alleges and states as follows:

### NATURE OF THE CASE

**PLAINTIFFS' ALLEGATIONS:**

1. This is an action seeking damages and injunctive relief for an unlawful and continuing trespass and unjust enrichment by defendants on the lands of plaintiffs and members of the plaintiff Class.

**LEVEL 3'S ANSWER:**

1. Level 3 admits that Plaintiffs are seeking damages and injunctive relief, but denies that they are entitled to the relief that they are seeking.

**PLAINTIFFS' ALLEGATIONS:**

2. Plaintiffs and members of the plaintiff Class are current and past owners of land. As part of national schemes and business plans, defendants entered onto the lands of plaintiffs and members of the plaintiff Class to install and maintain a fiber optic cable, which is frequently and ordinarily utilized to provide telecommunications services. Defendants own, maintained, operate and lease the installed fiber optic cable to telephone companies and other users at a substantial profit for their commercial benefit without paying any compensation to plaintiffs and members of the plaintiff Class. Because defendants have hidden their trespass from plaintiffs and the plaintiff Class, defendants have also been able to eliminate substantial expenses, including payment for easement rights and royalties, which they would have incurred if they had lawfully obtained easements from the landowners.

**LEVEL 3'S ANSWER:**

2. Level 3 admits that it owns and operates telecommunications equipment and provides telecommunications and related services. Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations asserted against the other Defendants and therefore denies the same. Level 3 denies each and every other allegation contained in Paragraph 2.

## JURISDICTION AND VENUE

**PLAINTIFFS' ALLEGATIONS:**

3. This Court has jurisdiction over the subject matter of this action pursuant to §1332 of the Judicial Code, 28 U.S.C. § 1332, in that this case involves citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

**LEVEL 3'S ANSWER:**

3. Level 3 denies the allegations contained in paragraph 3.

**PLAINTIFFS' ALLEGATIONS:**

4. Venue is proper in the forum pursuant to §1391(a) of the Judicial Code, 28 U.S.C. § 1391(a). Defendants are residents of this District, a substantial part of the property that is the subject of the action is situated in this District, and a substantial part of the events giving rise to the claim occurred in this District.

## LEVEL 3'S ANSWER:

4. Level 3 admits that it does business in this District. Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations asserted against the other Defendants and therefore denies the same. Level 3 denies the remaining allegations contained in paragraph 4. Level 3 further objects to venue because Plaintiffs' attempt to certify classes for states other than Illinois violates the local action doctrine.

## PARTIES

### PLAINTIFFS' ALLEGATIONS:

5(a). Plaintiff Don Wayne McDaniel is a citizen and resident of Arkansas and at all material times owned certain real estate situated in Conway, Arkansas, across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

### LEVEL 3'S ANSWER:

5(a). Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5(a) and, therefore, denies the same.

### PLAINTIFFS' ALLEGATIONS:

5(b). Plaintiffs Mary and E.J. Driskill are citizens and residents of Arkansas and at all material times owned certain real estate situated in Pine Bluff, Arkansas, across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

### LEVEL 3'S ANSWER:

5(b). Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5(b) and, therefore, denies the same.

### PLAINTIFFS' ALLEGATIONS:

5(c). Plaintiff Todd Smith is a citizen and resident of California and at all material times owned certain real estate situated in Morgan Hill, California across which runs a portion of

fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

**LEVEL 3'S ANSWER**:

5(c). Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5(c) and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS**:

5(d). Plaintiff Daniel McKenzie is a citizen and resident of Florida and at all material times owned certain real estate situated in Milton, Florida a across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

**LEVEL 3'S ANSWER**:

5(d). Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5(d) and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS**:

5(e). Plaintiffs Randy C. Snyder and Diane J. Snyder are citizens and residents of Illinois and at all material times owned certain real estate situated in Union Grove Township, Illinois across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

**LEVEL 3'S ANSWER**:

5(e). Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5(e) and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS**:

5(f). Plaintiff Robert J. Snyder is a citizen and resident of Indiana and at all material times owned certain real estate situated in LaPorte, Indiana across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

**LEVEL 3'S ANSWER**:

5(f). Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5(f) and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS**:

5(g). Plaintiff Patricia Ann Polston is a citizen and resident of Missouri and at all material times owned certain real estate situated in Gasconade, Missouri across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

**LEVEL 3'S ANSWER:**

5(g). Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5(g) and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS:**

5(h). Plaintiff Elizabeth Ware is a citizen and resident of Nevada and at all material times owned certain real estate situated in Beowawe, Nevada across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

**LEVEL 3'S ANSWER:**

5(h). Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5(h) and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS:**

5(i). Plaintiff John Butcher is a citizen and resident of Nevada and at all material times owned certain real estate situated in Imlay, Nevada across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

**LEVEL 3'S ANSWER:**

5(i). Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5(i) and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS:**

5(j). Plaintiff Wendell C. Hull is a citizen and resident of New Mexico and at all material times owned certain real estate situated in Las Cruces, New Mexico across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

**LEVEL 3'S ANSWER:**

5(j). Level 3 is without sufficient knowledge to form a belief as to the truth of the

allegations contained in paragraph 5(j) and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS:**

5(k). Plaintiff Flynn Ranch of Townsend, Inc., a Montana corporation, is a citizen and resident of Montana and at all material times owned certain real estate situated in Townsend, Montana across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

**LEVEL 3'S ANSWER:**

5(k). Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5(k) and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS:**

5(l). Plaintiff Billings Memorial, LLC, an Oregon limited liability company, is a citizen and resident of Oregon and at all material times owned certain real estate situated in Ashland, Oregon across which runs a portion of fiber optic cable owned by one or more of the defendants and utilized in the operation of integrated telecommunications networks by all of the defendants.

**LEVEL 3'S ANSWER:**

5(l). Level 3 is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5(l) and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS:**

6. Defendant Qwest is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Denver, Colorado. Qwest is engaged in the business of providing telecommunications services to telephone companies and other communications providers and users in every state. Qwest has created, operated and leased to telephone companies the fiber optic cables that run through the lands of plaintiffs and members of the plaintiff Class.

**LEVEL 3'S ANSWER:**

6. Level 3 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS:**

7. Defendant Sprint is a Delaware Limited Partnership with its principal place of

business in Kansas. Sprint is engaged in the business of providing telecommunications services to telephone companies and other communications providers and users in every state. Sprint has created, operated and leased to telephone companies the fiber optic cables that run through the lands of plaintiffs and members of the plaintiff Class.

**LEVEL 3'S ANSWER**:

7. Level 3 is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 7 and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS**:

8. Defendant Level 3 is a Delaware Limited Partnership with its principal place of business in Broomfield, Colorado. Level 3 is engaged in the business of providing telecommunications services to telephone companies and other communications providers and users in many states. Level 3 or its predecessors in interest have installed, maintained and leased to telephone companies the fiber optic cables that run through the lands of plaintiffs and members of the plaintiff Class.

**LEVEL 3'S ANSWER**:

8. Level 3 admits that it is a Delaware limited liability company with its principal place of business in Broomfield, Colorado. Level 3 also admits that it owns and operates telecommunications equipment and provides telecommunications and related services in many states. Level 3 is without knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 8 and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS**:

9. Defendant Williams is a Delaware Limited Liability Company with its principal place of business in Tulsa, Oklahoma. Williams is engaged in the business of providing telecommunications services to telephone companies and other communications providers an users in every state. Williams has created, operated and leased to telephone companies the fiber optic cables that run through the lands of plaintiffs and members of the plaintiff Class.

**LEVEL 3'S ANSWER**:

9. Level 3 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, denies the same.

**PLAINTIFFS' ALLEGATIONS**:

10. The integrated network services offered by each defendant are in fact dependent upon its access to and joint beneficial ownership rights under indefensible rights of use and by other mechanisms and judicial links. Defendants acted jointly and together as part of a common course of action in connection herewith.

### LEVEL 3'S ANSWER:

10. Level 3 denies the allegations contained in paragraph 10.

### PLAINTIFFS' ALLEGATIONS:

11. The defendants are jointly and severally liable to the plaintiffs and the members of the plaintiff Class for their continuing trespass and unjust enrichment as described hereafter.

### LEVEL 3'S ANSWER:

11. Level 3 denies the allegations contained in paragraph 11.

## CLASS ACTION ALLEGATIONS

### PLAINTIFFS' ALLEGATIONS:

12. Plaintiffs bring this action on their own behalf and as a class action pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of classes of landowners in the several states of the United States who currently or formerly owned the land through which Defendants have trespassed by installing and maintaining fiber optic cable.

### LEVEL 3'S ANSWER:

12. Level 3 admits that Plaintiffs purport to bring this matter as a class action, but denies the remaining allegations of paragraph 12.

### PLAINTIFFS' ALLEGATIONS:

13. This cause is properly maintainable as a class action under Rule 23 for the following reasons:

(a) Plaintiffs are each members of their own Class; the members of each Class are so numerous as to make it impracticable to bring them all before the Court. The exact number and identities of the Class members are presently unknown to plaintiffs, but plaintiffs reasonably believes [sic] that there are tens of thousands of individuals who have been injured as a result of defendants' past and continuing trespass, unjust enrichment and wrongful conduct as alleged.

### LEVEL 3'S ANSWER:

13(a). Level 3 denies the allegations contained in paragraph 13(a).

**PLAINTIFFS' ALLEGATIONS**:

13(b). The claims of the Class involve common questions of both fact and law that predominate over any questions affecting only individual members. Among questions of law and fact common to the Class are:

(i) Whether defendants have and continue to intentionally and unlawfully trespass on the lands owned by plaintiffs and members of the Class by installing, operating and maintaining fiber optic cable on the land without authority;

(ii) Whether defendants have profited or been unjustly enriched by their use of fiber optic cable for a telecommunications system, which crosses the land owned by plaintiffs and members of the plaintiff Class.

(iii) Whether defendants have installed, maintained, leased and operated fiber optic cable nationwide without seeking and obtaining the consent of plaintiffs and the members of the plaintiff Class; and

(iv) Whether defendants are liable to the Class for actual damages and punitive damages.

**LEVEL 3'S ANSWER**:

13(b). Level 3 denies the allegations contained in paragraph 13(b)(i)-(iv).

**PLAINTIFFS' ALLEGATIONS**:

14(a). Plaintiffs Don Wayne McDaniel and Mary and E.J. Driskill seek certification of a class defined as follows:

> All present and former owners of land in the state of Arkansas adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

**LEVEL 3'S ANSWER**:

14(a). Level 3 denies that the putative class identified in paragraph 14(a) of the Complaint can properly support certification of this action as a class action lawsuit under Fed.R.Civ.P. 23. To the extent the allegations contained in paragraph 14(a) of the Complaint are inconsistent with or not addressed by the foregoing, Level 3 denies the same. Further, Plaintiffs' attempt herein to certify classes in states other than Illinois violates the local action doctrine.

**PLAINTIFFS' ALLEGATIONS:**

14(b). Plaintiff Todd Smith seeks certification of a class defined as follows:

> All present and former owners of land in the state of Arkansas adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

**LEVEL 3'S ANSWER:**

14(b). Level 3 denies that the putative class identified in paragraph 14(b) of the Complaint can properly support certification of this action as a class action lawsuit under Fed.R.Civ.P. 23. To the extent the allegations contained in paragraph 14(b) of the Complaint are inconsistent with or not addressed by the foregoing, Level 3 denies the same. Further, Plaintiffs' attempt herein to certify classes in states other than Illinois violates the local action doctrine.

**PLAINTIFFS' ALLEGATIONS:**

14(c). Plaintiff Daniel McKenzie seeks certification of a class defined as follows:

> All present and former owners of land in the state of Arkansas adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

**LEVEL 3'S ANSWER:**

14(c). Level 3 denies that the putative class identified in paragraph 14(c) of the Complaint can properly support certification of this action as a class action lawsuit under Fed.R.Civ.P. 23. To the extent the allegations contained in paragraph 14(c) of the Complaint are inconsistent with or not addressed by the foregoing, Level 3 denies the same. Further, Plaintiffs' attempt herein to certify classes in states other than Illinois violates the local action doctrine.

**PLAINTIFFS' ALLEGATIONS:**

14(d). Plaintiffs Randy C. Snyder and Diane J. Snyder seek certification of a class defined as follows:

> All present and former owners of land in the state of Arkansas adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

**LEVEL 3'S ANSWER:**

14(d). Level 3 denies that the putative class identified in paragraph 14(d) of the Complaint can properly support certification of this action as a class action lawsuit under Fed.R.Civ.P. 23. To the extent the allegations contained in paragraph 14(d) of the Complaint are inconsistent with or not addressed by the foregoing, Level 3 denies the same. Further, Plaintiffs' attempt herein to certify classes in states other than Illinois violates the local action doctrine.

**PLAINTIFFS' ALLEGATIONS:**

14(e). Plaintiff Robert J. Snyder seeks certification of a class defined as follows:

> All present and former owners of land in the state of Arkansas adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

**LEVEL 3'S ANSWER:**

14(e). Level 3 denies that the putative class identified in paragraph 14(e) of the Complaint can properly support certification of this action as a class action lawsuit under Fed.R.Civ.P. 23. To the extent the allegations contained in paragraph 14(e) of the Complaint are inconsistent with or not addressed by the foregoing, Level 3 denies the same. Further, Plaintiffs' attempt herein to certify classes in states other than Illinois violates the local action doctrine.

**PLAINTIFFS' ALLEGATIONS:**

14(f). Plaintiff Patricia Ann Polston seeks certification of a class defined as follows:

> All present and former owners of land in the state of Arkansas adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

**LEVEL 3'S ANSWER:**

14(f). Level 3 denies that the putative class identified in paragraph 14(f) of the Complaint can properly support certification of this action as a class action lawsuit under Fed.R.Civ.P. 23. To the extent the allegations contained in paragraph 14(f) of the Complaint are inconsistent with or not addressed by the foregoing, Level 3 denies the same. Further, Plaintiffs' attempt herein to certify classes in states other than Illinois violates the local action doctrine.

**PLAINTIFFS' ALLEGATIONS:**

14(g). Plaintiffs Elizabeth Ware and John Butcher seek certification of a class defined as follows:

> All present and former owners of land in the state of Arkansas adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

**LEVEL 3'S ANSWER:**

14(g). Level 3 denies that the putative class identified in paragraph 14(g) of the Complaint can properly support certification of this action as a class action lawsuit under Fed.R.Civ.P. 23. To the extent the allegations contained in paragraph 14(g) of the Complaint are inconsistent with or not addressed by the foregoing, Level 3 denies the same. Further, Plaintiffs' attempt herein to certify classes in states other than Illinois violates the local action doctrine.

**PLAINTIFFS' ALLEGATIONS:**

14(h). Plaintiff Wendell C. Hull seeks certification of a class defined as follows:

> All present and former owners of land in the state of Arkansas adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

**LEVEL 3'S ANSWER:**

14(h). Level 3 denies that the putative class identified in paragraph 14(h) of the Complaint can properly support certification of this action as a class action lawsuit under Fed.R.Civ.P. 23. To the extent the allegations contained in paragraph 14(h) of the Complaint are inconsistent with or not addressed by the foregoing, Level 3 denies the same. Further, Plaintiffs' attempt herein to certify classes in states other than Illinois violates the local action doctrine.

**PLAINTIFFS' ALLEGATIONS:**

14(i). Plaintiff Flynn Ranch of Townsend, Inc. seeks certification of a class defined as follows:

> All present and former owners of land in the state of Arkansas adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding

the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

## LEVEL 3'S ANSWER:

14(i). Level 3 denies that the putative class identified in paragraph 14(i) of the Complaint can properly support certification of this action as a class action lawsuit under Fed.R.Civ.P. 23. To the extent the allegations contained in paragraph 14(i) of the Complaint are inconsistent with or not addressed by the foregoing, Level 3 denies the same. Further, Plaintiffs' attempt herein to certify classes in states other than Illinois violates the local action doctrine.

## PLAINTIFFS' ALLEGATIONS:

14(j). Plaintiff Billings Memorial, LLC, seeks certification of a class defined as follows:

> All present and former owners of land in the state of Arkansas adjacent to or underlying a railroad right-of-way on which defendants have installed and operated fiber optic cable, excluding the United States of America, the defendants and any of their predecessors and affiliates, and any railroad.

## LEVEL 3'S ANSWER:

14(j). Level 3 denies that the putative class identified in paragraph 14(j) of the Complaint can properly support certification of this action as a class action lawsuit under Fed.R.Civ.P. 23. To the extent the allegations contained in paragraph 14(j) of the Complaint are inconsistent with or not addressed by the foregoing, Level 3 denies the same. Further, Plaintiffs' attempt herein to certify classes in states other than Illinois violates the local action doctrine.

## COUNT I

## CONTINUING TRESPASS

## PLAINTIFFS' ALLEGATIONS:

15. At a period presently unknown but believed to be in the late 1980's, defendants and their predecessors began to install fiber optic cable network for thousands of miles on land owned by the Class, including the land of the plaintiffs. The fiber optic cable was installed without permission or knowledge of plaintiffs or members of the plaintiff Class. Since the fiber optic cable was originally installed, defendants have not sought approval of or paid any compensation to plaintiffs or members of the plaintiff Class. Defendants have regularly and

repeatedly used the fiber optic cable installed on the lands of plaintiffs and members of the plaintiff Class by sending messages and signals through the cable as part of their integrated nationwide telecommunications networks.

**LEVEL 3'S ANSWER:**

15. Level 3 denies the allegations contained in paragraph 15.

**PLAINTIFFS' ALLEGATIONS:**

16. Neither defendants nor their predecessors have secured any easements or sought condemnation or secured by any other means a lawful right to enter plaintiffs' and the Class' lands to install, maintain and operate fiber optic cable.

**LEVEL 3'S ANSWER:**

16. Level 3 denies the allegations contained in paragraph 16.

**PLAINTIFFS' ALLEGATIONS:**

17. At the time the fiber optic cable was installed on the lands owned by plaintiffs and members of the plaintiff Class, defendants knew that they had no lawful authority to use the Class' lands for such purpose.

**LEVEL 3'S ANSWER:**

17. Level 3 denies the allegations contained in paragraph 17.

**PLAINTIFFS' ALLEGATIONS:**

18. Defendants' entry and continuing trespass on the lands of plaintiffs and the plaintiff Class was and continues to be willful and malicious and has been done without the knowledge or consent of plaintiffs or the members of the plaintiff Class.

**LEVEL 3'S ANSWER:**

18. Level 3 denies the allegations contained in paragraph 18.

**PLAINTIFFS' ALLEGATIONS:**

19. The unlawful use of the land and continuing trespass on the land of plaintiffs and members of the plaintiff Class by defendants have resulted in significant savings and profits to defendants in the creation of their nationwide integrated telecommunications networks.

**LEVEL 3'S ANSWER:**

19. Level 3 denies the allegations contained in paragraph 19.

**PLAINTIFFS' ALLEGATIONS:**

20. As a result of the continuing trespass by defendants, plaintiffs and members of the

**LEVEL 3'S ANSWER:**

20. Level 3 denies the allegations contained in paragraph 20.

## COUNT II

## QUASI CONTRACT - UNJUST ENRICHMENT

**PLAINTIFFS' ALLEGATIONS:**

21. Plaintiffs incorporate by reference and realleges [sic] ¶¶ 1 through 20 as ¶ 21 of Count II.

**LEVEL 3'S ANSWER:**

21. Level 3 hereby incorporates by reference its answers to paragraphs 1 through 20 as if fully restated herein.

**PLAINTIFFS' ALLEGATIONS:**

22. As a result of defendants' commercial use of the lands of plaintiffs and members of the plaintiff Class, defendants have received benefits and the Class has a reasonable expectation of being and right to be compensated. Defendants acted intentionally to obtain large profits at the expense of plaintiffs and the plaintiff Class. If defendants were allowed to retain the profits they have made are continuing to make and are reasonably likely to make in the future, on the operation, sale or lease of the fiber optic cable, [sic] they would be unjustly enriched.

**LEVEL 3'S ANSWER:**

22. Level 3 denies the allegations contained in paragraph 22.

**PLAINTIFFS' ALLEGATIONS:**

23. Plaintiffs and members of the plaintiff Class have been damaged and are entitled to all be compensated in full for the benefit obtained by defendants' unauthorized use of their lands.

**LEVEL 3'S ANSWER:**

23. Level 3 denies the allegations contained in paragraph 23.

**PLAINTIFFS' ALLEGATIONS:**

24. Defendants concealed their scheme from plaintiffs and members of the plaintiff Class with the intent to deceive and induce them to refrain from demanding compensation for

defendants' unauthorized commercial use of their lands and stated that they had the right to install and maintain the fiber optic cable on the plaintiffs' and plaintiff Class' lands despite their knowledge that they had no such right. Plaintiffs and members of the plaintiff Class justifiably relied on defendants to inform them of defendants' intent to unlawfully profit from the use fo the Class' lands.

**LEVEL 3'S ANSWER:**

24. Level 3 denies the allegations contained in paragraph 24.

**PLAINTIFFS' ALLEGATIONS:**

25. As a result of defendants' affirmative acts of concealment, all applicable statutes of limitation have been tolled and suspended.

**LEVEL 3'S ANSWER:**

25. Level 3 denies the allegations contained in paragraph 25.

**PLAINTIFFS' ALLEGATIONS:**

26. As a further result of defendants' scheme, plaintiffs and members of the plaintiff Class have been damaged.

**LEVEL 3'S ANSWER:**

26. Level 3 denies the allegations contained in paragraph 26.

### PRAYER

**PLAINTIFFS' ALLEGATIONS:**

WHEREFOR, plaintiffs pray:

27. That this action be declared a proper class action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, that plaintiffs be named as class representatives and that plaintiffs' counsel be appointed as class counsel.

**LEVEL 3'S ANSWER:**

27. Level 3 denies that Plaintiffs are entitled to the relief sought in paragraph 27.

**PLAINTIFFS' ALLEGATIONS:**

28. That judgment be entered for each plaintiff and the plaintiff Class against defendants jointly and severally for trespass, awarding damages compensating plaintiffs and members of the plaintiff Class in an amount in excess of $75,000 each, exclusive of interest and costs.

**LEVEL 3'S ANSWER:**

28. Level 3 denies that Plaintiffs are entitled to the relief sought in paragraph 28.

**PLAINTIFFS' ALLEGATIONS:**

29. That judgment be entered for each plaintiff and members of the plaintiff Class and against defendants jointly and severally for punitive damages for defendants' intentional and malicious conduct.

**LEVEL 3'S ANSWER:**

29. Level 3 denies that Plaintiffs are entitled to the relief sought in paragraph 29.

**PLAINTIFFS' ALLEGATIONS:**

30. That defendants be preliminarily and permanently enjoined from trespassing upon the lands of plaintiffs and members of the plaintiff Class to use and maintain their fiber optic cables; and

**LEVEL 3'S ANSWER:**

30. Level 3 denies that Plaintiffs are entitled to the relief sought in paragraph 30.

**PLAINTIFFS' ALLEGATIONS:**

31. That plaintiffs and members of the plaintiff Class be awarded such other and further relief, including an award of attorneys' fees and expenses, as the Court deems proper.

**LEVEL 3'S ANSWER:**

31. Level 3 denies that Plaintiffs are entitled to the relief sought in paragraph 31.

## JURY DEMAND

**PLAINTIFFS' ALLEGATIONS:**

Plaintiffs demand trial by jury on all issues triable as of right by a jury.

**LEVEL 3'S ANSWER:**

Level 3 denies that Plaintiffs are entitled to a jury trial on all claims asserted in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. The Complaint fails to state any claim upon which relief can be granted.

### SECOND DEFENSE

2. Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Federal

Preemption.

## THIRD DEFENSE

3. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

4. Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Laches.

## FIFTH DEFENSE

5. Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Estoppel.

## SIXTH DEFENSE

6. Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Waiver, Consent and/or Acquiescence.

## SEVENTH DEFENSE

7. Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Unclean Hands.

## EIGHTH DEFENSE

8. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring this action.

## NINTH DEFENSE

9. Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Adverse Possession.

## TENTH DEFENSE

10. Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Prescription.

## ELEVENTH DEFENSE

11. Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction, payment, and/or release.

## TWELFTH DEFENSE

12. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate their damages.

## THIRTEENTH DEFENSE

13. Plaintiffs' claims should be denied on the grounds of eminent domain.

## FOURTEENTH DEFENSE

14. All or part of the claims that Plaintiffs assert should be denied based on the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion).

## FIFTEENTH DEFENSE

15. All of part of the claims that Plaintiffs assert are barred by the local action doctrine.

## SIXTEENTH DEFENSE

16. All of part of the claims that Plaintiffs assert are barred by the Doctrine of Apportionment.

WHEREFORE, Defendant Level 3 Communications, LLC prays that Plaintiffs' Class Action Complaint be dismissed, with prejudice, that Level 3 be awarded its costs and attorney fees, and for other just and equitable relief as this Court deems proper.

Respectfully submitted,

BY: _Randall Mitchell_
Randall L. Mitchell
ADDUCCI, DORF, LEHNER,
MITCHELL & BLANKENSHIP, P.C.
150 North Michigan Avenue
Suite 2130
Chicago, Illinois 60601-7524
(312) 781-2800
(312) 781-2811 (Telefax)
rmitchell@adlmb.com

and

Joseph E. Jones
Mark C. Laughlin
FRASER, STRYKER, MEUSEY,
OLSON, BOYER & BLOCH, P.C.
500 Energy Plaza
409 South 17th Street
Omaha, Nebraska 68102
(402) 341-6000
(402) 341-8290 (Telefax)
jjones@fslf.com

Attorneys for Level 3 Communications, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer to Class Action Complaint has been served, via first class United States mail, postage prepaid, on this 24 day of March, 2005, upon the following:

John F. Daum
O'MELVENY & MYERS, LLP
400 S. Hope St.
Los Angeles, CA 90071-2899
Tel: (213) 430-6000
Fax: (213) 430-6107
jdaum@omm.com
COUNCIL FOR QWEST

Arthur T. Susman
William T. Gotfryd
SUSMAN & WATKINS
Two First National Plaza
Suite 600
Chicago, IL 60603
Tel: (312) 346-3466
Fax: (312) 346-2829
asusman@ameritech.net
wtglawproj@aol.com

J. Kevin Hayes
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
320 S. Boston Ave., Suite 400
Tulsa, OK 74103
Tel: (918) 594-0400
khayes@hallestill.com
COUNSEL FOR WILLIAMS COMMUNICATIONS, LLC

J. Emmett Logan
MORRISON & HECKER, LLP
2600 Grand Avenue
Kansas City, MO 64108-4606
Tel: (816) 691-2600
Fax: (816) 474-4208
elogan@stinsonmoheck.com
COUNSEL FOR SPRINT

Randall L. Mitchell

378084