# EXHIBIT 1

1851.                                     254

act, to build said bridge below the mouth of Fox river and in the town of Ottawa.

Restriction.  § 17. Neither of said companies shall at any time own more real estate, exclusive of their bridge, to an amount exceeding five thousand dollars.

APPROVED February 17, 1851.

---

In force February 15, 1851.  AN ACT to incorporate the Mississippi and Rock River Junction Railroad Company.

SECTION 1. *Be it enacted by the people of the State of Illinois, represented in the General Assembly,* That James F. Booth, John Phelps, jr., William C. Green, William L. Booth, Mellord Green, Clark Green, Robert Green, Wilson H. Weight, Nathaniel R. Boon, Richard Green, George Dudley, Rowland H. Reese, Samuel Johnson and Royal Jacobs, and such others as they may associate with them, their successors and assigns, are hereby constituted a body corporate and politic, by the name and style of "The Mississippi and Rock River Junction Railroad company," and by that name shall have succession for the term of fifty years from and after the passage of this act; and may, by that name, contract and be contracted with, sue and be sued, plead and be impleaded in any court of law or equity; may have and use a common seal and alter the same at pleasure; may make by-laws, rules and regulations for the management of its property, the regulation of its affairs, and for the transfer of its stock, not inconsistent with the laws and constitution of this state or of the United States; and may, moreover, appoint such subordinate agents, officers and servants as the business of the said corporation may require, and allow them a suitable compensation, prescribe their duties, and require bond for the faithful performance thereof, in such penal sums and with such securities as they may choose, who shall hold their offices during the pleasure of a majority of the directors of the said corporation.

Corporation.

Style.

Duration.

General powers.

Objects.  § 2. The said corporation shall have the right to survey, locate and construct, and, during its continuance, to maintain and continue a railroad, with single or double track, and with such appendages as may be deemed necessary for the convenient use of the same, from the Narrows of the Mississippi river, in Fulton City, Whiteside county, and state of Illinois, to a point on the north-western branch of the Central railroad, north of Rock river, by the way of Sterling, in said county of Whiteside, should said branch of said Central railroad, when definitely located, run east

255     1851.

of said town of Sterling, and to locate and construct the same on such line, course or way as may be designated and selected by the directors of said corporation whereon to construct and locate the same, and may also prescribe the manner in which said railroad shall be used, by what power the carriages to be used thereon may be propelled, to regulate the time and manner in which goods, effects and passengers may be transported and carried on the same, and the rates of toll on the transportation of persons and property thereon.

§ 3. The capital stock of the said corporation shall be seventy-five thousand dollars, and shall be deemed personal property, and shall be divided into shares of fifty dollars. The capital stock may at any time hereafter be increased to a sum not exceeding two hundred thousand dollars, if the same shall be judged necessary, to be subscribed for and taken under the direction of the directors of said corporation—books to be opened for that purpose, and in such manner as may be prescribed by the by-laws of said corporation. *Capital stock.*

§ 4. The following named persons, to wit: Royal Jacobs, John Phelps, jr., William L. Booth, Richard Green, Samuel Johnson, Charles S. Lunt, Joel Harvy and Van J. Adams, John B. Myers, Joseph Boynton, Rowland H. Reese, Henry Ustick, Joshua T. Atkinson, of Whiteside county, Illinois, shall be commissioners for receiving subscriptions to the capital stock of said corporation, who shall, within twelve months from the passage of this act, cause books to be opened at such times and places as they may deem proper, for receiving subscriptions to the said capital stock. Notice of the times and places when and where the books will be opened to be given by publication, for at least thirty days previous to opening the same, in some public newspaper published in the city of Rock Island, or Galena. On opening said books said commissioners shall attend, by themselves or agents, and continue to receive subscriptions to the capital stock of said corporation from all persons who will subscribe thereto, until the whole amount thereof shall have been subscribed, when the said books shall be closed. Each subscriber shall, at the time of subscribing, pay to the commissioners the sum of five dollars on each share of the stock subscribed for by him; and the said commissioners shall, so soon as the directors of said corporation are elected, deliver to them the whole amount so received, and also all subscription books and papers belonging to said company. A majority of said commissioners may fill any vacancies that may occur in their number by death, resignation or otherwise. *Commissioners.* *Notice.*

§ 5. The affairs of said corporation shall be managed by a board of nine directors, to be chosen annually by the *Directors.*

1851. 256

*Election of directors.* stockholders from among themselves. The first election for directors shall be holden as soon as may be after the stock has been subscribed. The commissioners shall give notice of the time and place at which a meeting of the stockholders will be held for the choice of directors; and at the time and place appointed for that purpose the commissioners, or a majority of them, shall attend and act as inspectors of said election. The stockholders who shall be present, either in person or by proxy, shall proceed by ballot to elect their directors; and the commissioners present shall certify the result of such election, under their hands, which certificate shall be recorded in the books of the corporation, and shall be sufficient evidence of the election of the directors therein named. All future elections shall be held at the times and in the manner prescribed by the by-laws and regulations of said corporation. Each stockholder shall be entitled to vote in person, or by proxy duly authorized, one vote for every share he may own, at the commencement of each election, and a plurality of votes shall determine the choice, but no stockholder shall be allowed to vote at any election, after the first, for any stock which shall have been assigned to him within thirty days previous to holding such election.

*Payment of subscriptions.* § 6. It shall be lawful for the directors to require payment of the subscriptions to the capital stock, at such times and in such proportions and on such conditions as they shall deem proper, under the penalty of the forfeiture of the stock and all previous payments thereon; and they shall give notice of the payments thus required, and of the place where and the time when the same are required to be paid, at least thirty days previous to the time of requiring payments, by publication in at least three of the most public newspapers printed in the state.

*Real estate.* § 7. The said corporation is hereby empowered to purchase, receive and and hold such real estate as may be necessary and convenient in accomplishing the objects for which this corporation is granted, and may, by their agents, engineers and surveyors, enter upon and take possession of *Right of way.* and use all such lands and real estate as may be necessary and indispensable for the construction and maintenance of said railroad and the appendages and accommodations requisite and appertaining thereto; and may also receive, take and hold all such voluntary grants and donations of lands and real estate as shall be made to the corporation for the purposes aforesaid; but whenever any lands, real es- *Damages.* tate or materials shall be taken and appropriated by said corporation for the location or construction of said railroad or its appendages, or any work appertaining thereto, and the same may not be given or granted to said corporation, or the proprietor or proprietors do not agree with said cor-

poration as to the amount of damages or compensation which ought to be allowed and paid therefor, or shall not mutually agree on some person or persons to appraise the same, damages shall be estimated and assessed in manner following: the said corporation, or the owner or owners of said lands, may, on giving notice of their intended application and the time and place of making the same, apply, by petition to the judge of the circuit court of the county in which said lands may lie, or in the absence of the said judge from said county, then to the county judge, particularly describing in said petition the lands to be appraised; and upon proof that reasonable notice has been given, as directed, the said circuit judge, or in his absence then the county judge, shall, upon hearing the petition, appoint three disinterested freeholders, residents of the county in which said lands may be situated, as commissioners, for the purpose of assessing such damages; and the order in which they are appointed shall specify the lands proposed to be appropriated and occupied by the corporation for the purposes aforesaid. The said appraisers, after being being duly and legally sworn, by some officer legally authorized to administer oaths, honestly and impartially to assess such damages, shall proceed, by viewing said lands and by such other evidence as the parties may produce before them, to ascertain and assess the damages which each owner shall sustain by the appropriation of his lands for the purposes aforesaid. The said appraisers shall make a report in writing, to said judge of the circuit or county court, as the case may be, reciting the order of their appointments, and specifying the several parcels of lands described therein, the names of the owner or owners of the respective parcels of land, if known—if not known stating that fact, and specifying also the damages which the owner of the respective parcels will sustain by reason of the appropriation of the same for the purpose aforesaid; which said report shall be filed in the office of the clerk of the circuit or county court, as the case may be, in which said lands may lie. Should either party be dissatisfied with said assessments the said judge may, at the next term of the circuit or county court, as the case may be, on hearing the parties in interest, or if both do not appear, on proof of notice being given to the opposite party, modify the said assessments, as to him shall appear just. At the said term of the court, as aforesaid, holden next after the filing of said report, as aforesaid, a record shall be made of the report, with the order of the said court thereon, accepting or modifying the same. On the payment of damages, if any, thus assessed, and the expenses of assessment, the corporation shall immediately become seized and possessed of the said

1851.                          258

lands and property, and entitled to the use of the same for the purposes aforesaid.

Damage to property of infants, &c., how ascertained.

§ 8. When the lands or any other property or estate of any other married woman, infant or person *non compos mentis*, shall be necessary for the construction of the said railroad or its appendages, the husband of such married woman, or the guardian of such infant or person *non compos mentis*, may release all damages in relation to the land, property or estate to be taken and appropriated as aforesaid, as fully as they might do if the same were holden in their own right, respectively; or the husband or guardian of any such person [whose property] shall be taken as aforesaid, may appear and act for and in their behalf in obtaining an assessment of the damages to the same under this act, and in case any such infant or person *non compos mentis*, whose property may be taken as aforesaid, shall be without guardian, the judge of the circuit or county court, as the case may be, shall have power to appoint a guardian *ad litem* to act in behalf of such person.

Intersections.

§ 9. Whenever it shall become necessary, under this act of incorporation, for the construction of a single or double track railroad, as herein authorized, to intersect or cross any stream of water or any public road or highway, it shall be lawful for the said corporation to construct or cross the same: *Provided*, that the said corporation shall restore such stream or water course or public road or highway, thus intersected, to its former state, or in a sufficient manner not to materially impair its usefulness.

Proviso.

Penalty.

§ 10. If any person or persons shall wilfully or negligently do, or cause to be done, any act or acts whatever whereby the said road, or any part thereof, or any building, construction or work of said corporation, or any engine, machine or structure, or any matter or thing appertaining to the same, shall be stopped, obstructed, weakened or impaired, injured or destroyed, the person or persons so offending shall forfeit and pay to said corporation treble the amount of the damages sustained by reason of such offence, to be recovered, with costs of suit, in the name of said corporation, by action of debt; and such offender or offenders shall also be deemed guilty of a misdemeanor, and be subject to indictment and punished as in other cases.

Loans.

§ 11. For the purpose of facilitating the construction of said railroad authorized by this act, the said corporation is and shall be permitted to negotiate a loan or loans of money, to the amount of its capital stock, and to pledge all of its property, real and personal, and all of its rights, credits and franchises, for the payment thereof.

Repairs.

§ 12. It shall be the duty of the corporation hereby created, when the railroad contemplated by this act shall have been completed, to keep and maintain the same in good

condition and repair; and whenever, from any cause whatsoever, the same shall become injured or out of repair, the said corporation shall immediately proceed to repair the same.

§ 13. This act shall be deemed and considered a public act, and shall be favorably construed for all purposes herein expressed in all courts and places whatever.

APPROVED Feb. 15, 1851.

---

AN ACT to continue the charter of the Alton, Mount Carmel and New Albany Railroad Company. In force February 17, 1851.

Whereas by the act of the general assembly, approved February 12th, A. D. 1849, it is provided, in the following words, to wit: "That the Mount Carmel and New Albany Railroad company, incorporated by the legislature of the state of Indiana, and the Mount Carmel and Alton Railroad company, incorporated by the legislature of the state of Illinois, be and the same are hereby united, and shall hereafter form and constitute one company, to be known as the 'Alton, Mount Carmel and New Albany Railroad company,'" &c.; and whereas the directors of the said company did, in accordance with the said act, meet at Mount Carmel, on the first Monday in June, A. D. 1849, and made and entered into an agreement whereby the aforesaid companies, commonly called the Southern Cross Railroad of Indiana and Illinois, were united into one company, by the name and style of the "Alton, Mount Carmel and New Albany Railroad company," and elected directors and officers of said company; therefore, —Preamble.

SECTION 1. *Be it enacted by the people of the State of Illinois, represented in the General Assembly*, That the acts and doings of the said directors in and about the said agreement for the union of the said Mt. Carmel and New Albany and the Mt. Carmel and Alton railroad companies, be and the same are hereby ratified and confirmed. —Acts ratified.

§ 2. That the act entitled "An act to incorporate the Mount Carmel and Alton Railroad company," approved January 18, A. D. 1836, together with all acts amending, renewing, revising and extending said act of incorporation, be and the same are hereby reenacted, renewed, revived, and extended, and the times allowed, authorized and provided therein for the commencement, completion and continuance of said railroad, shall be severally computed from the date of the passage of this act. —Act revived.