# EXHIBIT 5

AN ACT to incorporate the Peoria and Rock Island Railway Company.    In force March 7, 1867.

SECTION 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That Tobias S. Bradley, Valentine Dewein, William F. Bryan, Orrin E. Page, Vincent M. Ayres, Patrick M. Blair, Thomas J. Robinson, Cornelius Lynde, and George H. French, and their associates, successors and assigns, be and they are hereby created and constituted a body politic and corporate, by the name of "The Peoria and Rock Island Railway Company," with perpetual succession, and by that name be and are hereby made capable, in law and equity, of suing and being sued, pleading and being impleaded, defending and being defended in any court of law or equity in this state or elsewhere; and may make, have and use a common seal, and alter the same at pleasure; and shall be and are hereby invested with all powers, privileges and immunities incident to corporations for the purpose hereinafter mentioned. *[Corporators.]* *[Corporate name and powers.]*

§ 2. The said company are hereby authorized and empowered to locate and from time to time to alter, change, re-locate, construct, re-construct and fully finish, perfect, equip and maintain a railway, with one or more tracks, from the city of Peoria, in the county of Peoria, to the city of Rock Island, in the county of Rock Island, by such route as the directors of said company may deem most feasible and eligible; and also to extend and continue said railway from said city of Peoria to some point or place in the county of Tazewell, where it may intersect or connect with the St. Louis, Chicago and Jacksonville railroad; and for this purpose said company is authorized to lay out and construct said road, in width not exceeding one hundred feet, throughout its whole length; and for the purpose of cuttings, embankments, and obtaining stone, sand and gravel, and for constructing and erecting shops, depots and other suitable, proper and convenient fixtures in connection with and appurtenances to said railway, and all necessary and proper uses, may take as much more land as may be needed for the construction, operation and security of said road. *[Business powers and privileges.]*

§ 3. The capital stock of said company shall be one million dollars, which may be hereafter increased, by a vote of a majority of the directors of said company, to any sum requisite for the completion and fulfilment of the objects and purposes of the corporation hereby created. Said capital stock shall be divided into shares of one hundred dollars each, which shares shall be deemed personal property, and shall be transferable only in such manner and upon such terms as shall be prescribed by the by-laws of said company. *[Capital stock.]*

Stock subscription.

§ 4. The persons named in the first section of this act are hereby appointed commissioners for receiving subscriptions to the capital stock of the corporation, who, or a majority of them, are hereby authorized to cause books to be opened at such times and places as they may deem proper, for receiving subscriptions to said capital stock. Notice of the time and places when and where the books will be opened shall be given by publication, for at least thirty days previous to opening the same, in such newspaper or newspapers as shall be selected for that purpose by said commissioners. On opening said books, said commissioners shall attend, in person or by agents, and continue to receive subscriptions to said capital stock until the sum of one hundred thousand dollars thereof shall have been subscribed. Each subscriber shall, at the time of subscription, pay to said commissioners the sum of five dollars on each share of stock subscribed for by him; and the commissioners shall, so soon as the directors of said corporation shall have been elected, deliver to them the whole amount so received, and also all subscription books and papers belonging to said company. A majority of said commissioners may fill any vacancies that may occur in their number by death, resignation or otherwise.

Management of business, etc.

§ 5. All the corporate powers of said company shall be vested in and exercised by a board of nine directors, who shall be chosen by the stockholders of said company in the manner hereinafter provided, and who shall hold their offices for one year, and until their successors shall be elected and qualified; and said directors, a majority of whom shall form a quorum for the transaction of business, shall elect, by ballot, from among themselves, a president and vice president, and shall have power to appoint a secretary, treasurer, and all other officers deemed necessary for the transaction of the business of said company; and may require such officers to give such security for the faithful performance of the duties of their office as the company, by its by-laws, may require. Said directors shall also have power to make all such rules, by-laws and regulations as they may deem necessary and expedient to accomplish the designs and purposes and to carry into effect the provisions of this act and for the transfer and assignment of the capital stock and prescribing the duties of officers, artificers and servants, that may be employed, and for the appointment of all officers to carry on the business within the objects and purposes of said company, not inconsistent with the laws of this state.

Election of directors.

§ 6. The first election for directors shall be holden as soon as may be after the said one hundred thousand dollars of stock shall have been subscribed. The commissioners shall give notice of the time and place at which a meeting of the stockholders will be held, for the choice of directors,

by publication in a newspaper, published in any one or more of the counties along the route of the said railway, as they may deem proper, at least thirty days before the day set for such organization. At the time and place appointed for that purpose the commissioners, or a majority of them, shall attend and act as inspectors of said election. The stockholders who shall be present shall proceed to elect, by ballot, nine directors, and the commissioners present shall certify the result of such election, under their hands; which certificate shall be recorded in the books of the corporation, and shall be sufficient evidence of the election of the directors therein named. All future elections shall be held at the times and places and in the manner prescribed by the by-laws and regulations of said corporation. Each stockholder shall be entitled to vote, in person or by proxy, one vote for every share of stock he or she may hold, *bona fide*, upon which all installments, called and due, have been paid; and a plurality of votes at any election shall determine the choice. But no stockholder shall be allowed to vote, at any election after the first, for any stock which shall have been assigned to him within thirty days previous to the day of holding such election.

§ 7. The directors shall have power and are required to re-open the books to fill up the capital stock of said company, and shall continue to receive subscriptions therefor until the whole amount of such capital (not subscribed before said commissioners) shall have been taken; and shall also receive subscriptions to the additional capital stock of said company, should the same be increased by said directors, pursuant to the authority herein given, at such time and places as the directors may deem expedient; and all subscriptions to the stock of said company shall be paid at such times and in such amounts, and on such conditions, as said directors may prescribe, under the penalty of the forfeiture of the stock and all previous payments thereon; and they shall give notice of the payments thus required, and of the place where and the time when the same are required to be paid, at least thirty days previous to the time when said payments shall be required to be made, by publication in such newspaper, and for such time, as said directors shall determine. *[marginal note: Duties of directors.]*

§ 8. In case of death, resignation or removal of the president, vice president, or any director, at any time before the annual election, such vacancy shall be filled for the remainder of the year, wherein it may happen, by the board of directors; and in case of absence of the president and vice president, the board of directors shall have power to appoint a president *pro tempore*, who shall have and exercise such powers and functions as the by-laws of the said company may provide. In case it should at any time happen that an election should not be made on any day on *[marginal note: Vacancies.]*

Case: 1:05-cv-01008 Document #: 192-5 Filed: 12/09/10 Page 5 of 10 PageID #:1915

which, in pursuance of this act, it ought to be made, the corporation shall not, for that cause, be deemed dissolved, but such election shall be held at any time directed by the by-laws of said corporation.

**Corporation subscription.** § 9. Any incorporated city, town or county on or near the line of said railway may subscribe to the capital stock of said company any sum, not exceeding one hundred thousand dollars, and may issue bonds in denominations of not less than one hundred dollars, bearing interest at the rate not exceeding ten per centum per annum, payable annually; which bonds may run any period, not exceeding twenty years, to be determined on by the county court, board of supervisors, city council, town trustees, or other proper authority issuing said bonds: *Provided*, that before said stock shall be subscribed an election shall be held, in conformity with the laws in regard to ordinary city, county or town elections, the usual notice having been given and returns to be made in the usual way, at which election a majority of the legal voters, voting on that question, shall have voted in favor of said subscription; and to this end the county court, board of supervisors, city council, town trustees or other proper authority may, from time to time, order elections, specifying the amount proposed to be subscribed; and such city, town or county is hereby authorized and required to assess and levy a sufficient tax to pay the interest accruing on such bonds, and the principal of the same, when due; which tax shall be assessed, levied and collected in the same manner as other taxes are, by law, required to be assessed, levied and collected.

**Township subscription.** § 10. Any township under township organization, on or near the line of the said railway, may also subscribe to the capital stock of said company, in any sum not exceeding fifty thousand dollars; but no such subscription shall be made until the question has been submitted to the legal voters of the town in which the subscription is proposed to be made; and the clerk of each of said towns is hereby required, upon the presentation of a petition, signed by at least ten citizens, who are legal voters and tax payers of the township for which he is clerk, in which petition the amount proposed to be subscribed shall be stated, to post up notices in at least three of the most public places in said town, which notices shall be posted not less than ten days before the day of holding such election, notifying the legal voters of said township to meet at the usual places of voting in said township, for the purpose of voting for or against such subscription; which election shall be held and conducted in the manner provided by law for the election of town officers.

**Duties of supervisors.** § 11. If it shall appear that a majority of all the voters voting on that question, have voted "For subscription," it shall be the duty of the supervisors of each of said town-

ships, that shall vote for such subscription, to subscribe to the capital stock of said railway company, in the name of the township for which he is supervisor, the amount so voted to be subscribed, and to receive from said company the proper certificates therefor. He shall also execute and deliver to said company, in the name of said township, bonds, bearing interest not to exceed ten per centum per annum, which bonds shall run for a term not exceeding twenty years, and the interest on the same shall be made payable annually, and which bonds shall be attested by the clerk of the township in whose name the bonds are issued; and it shall be his duty to make a record of the issuing of said bonds.

§ 12. It shall be the duty of the clerk of each of said townships in which a vote shall have been given for subscription, within ten days thereafter, to transmit to the county clerk of the county a transcript or statement of the vote given and the amount voted to be subscribed, and the rate of interest named in the bonds. <span style="float:right">Duty of clerk.</span>

§ 13. It shall be the duty of the county clerk, annually thereafter, to compute and assess, upon all the taxable property returned by the assessor of each of said townships which have voted to subscribe, a sufficient sum to pay the interest on all bonds issued by the respective townships, which tax shall be extended upon the collector's books as other taxes are, and shall be collected in the same manner that other taxes are collected; and when collected shall be paid into the county treasury, as county taxes are paid: *Provided*, that when any county refuses or neglects to subscribe to the capital stock of said company, and any city, town or township within said county shall subscribe to said stock, as herein authorized, then all taxes assessed, levied and collected for county purposes, upon the real and personal property of said corporation, shall inure to the sole benefit of the city, town or township so subscribing; and when said taxes shall have been collected, they shall be passed or placed by the county treasurer to the credit of such city, town or township, in proportion to the amount subscribed by each, to be applied in payment of the principal and interest, as they may respectively become due, of any and all bonded indebtedness created by such city, town or township, for railroad purposes; and when all such indebtedness shall have been extinguished, then said taxes, so collected, shall constitute a perpetual fund, subject to the order and control of the city, town or township entitled thereto, by virtue of this proviso, which shall apply to Peoria county only: *Provided, always*, that nothing herein contained shall be construed so as to interfere with or in any manner interrupt the levy, collection or appropriation of state taxes upon the real and personal property of said corporation. <span style="float:right">Duties of county clerk.</span>

Duty of treasurer.

§ 14. It shall be the duty of the treasurer of such counties in which townships have voted for said railway subscriptions, to pay out, on the presentation to him of the bonds issued by any townships, as aforesaid, the amount due upon each of said bonds, as interest, out of any money in his hands for that purpose, and indorse the payment upon said bonds, or take such voucher as he may prescribe. He shall also keep an account with each township of all money received and paid by him on account of said townships, which account shall at all times be open to inspection by all persons wishing to examine the same.

Township supervisors to vote.

§ 15. At all elections for officers, and on all questions voted upon by the stockholders of said company, the supervisor of the township or townships who may subscribe to the stock of said company shall represent and cast the vote which said stock is entitled to, in person or by lawful proxy; and in case the supervisor is absent or unable to act, and has not appointed a person to act as proxy, then the township clerk shall be vested with the same powers as is herein given to the supervisor.

Possession of lands and real estate.

§ 16. The said corporation is hereby empowered to purchase, receive and hold such real estate as may be necessary and convenient in accomplishing the objects for which this incorporation is granted, and may, by their agents, engineers or surveyors, enter upon, take possession of and use all such lands and real estate as may be necessary for the construction and maintenance of said railroad and the appendages and accommodations requisite and appertaining thereto; and may also receive, take and hold all such voluntary grants and donations of lands and real estate as shall be made to said corporation for the purpose aforesaid. And in case said company shall not be able, by purchase or voluntary cession, to acquire the right of way and grounds for said railroad, appendages and accommodations, and grounds of stone or gravel, for the purpose of building, ballasting or repairing the same, or any of them, and the rights of way to such grounds of stone or gravel, said company are empowered to take, condemn and use, or othwise to lawfully obtain and use the same, respectively, under the provisions of "An act to incorporate the Mississippi Railroad Company," approved February 15, 1855, or under any of the laws of this state, now in force, in that behalf, and authorizing the appropriation of lands for right of way for such purposes.

Property in fee simple.

§ 17. The rights of way and other real estate purchased by said company, for any of the purposes aforesaid, shall be held by them in fee simple, and any such rights of way or real estate taken, condemned or appropriated, as aforesaid, shall, upon due fulfillment by said company of the conditions prescribed by law, to be by them performed or

observed, to entitle them to such property, also be held by said company in fee simple.

§ 18. The said company shall have power to borrow money, on the credit of the company, at a rate of interest not exceeding ten per centum per annum, payable semi-annually; and may execute bonds therefor, with interest coupons thereto annexed, and secure the payment of the same by mortgage or deed of trust on the whole or any part of said railway, property, income and franchises of the company then existing, or thereafter to be acquired; and may annex to said mortgage bonds the privilege of converting the same into the capital stock of the said company, at par, at the option of the holders, if such election be signified in writing to the company three years before the maturity of said bonds. *Indebtedness.*

§ 19. The directors of said corporation are hereby authorized to negotiate and sell the bonds of the said company at such times and in such places, either within or without this state, and at such rates and for such prices as will, in their opinion, best advance the interests of the said company; and if said bonds are so negotiated or sold at a discount, below their par value, such sale shall be as valid and binding on the said company, in every respect, as if they were sold or disposed of at their par value. *To issue bonds.*

§ 20. The said company, in securing the payment of said bonds by mortgage or deed of trust on the road, property, income and franchises of said company, shall have power to execute a mortgage or deed of trust aforesaid, to secure the payment of the full amount of bonds which the company, at the time the said mortgage or deed of trust bears date, or at any time thereafter, desired to sell and dispose of; and may execute and sell, from time to time, such amount of said bonds and of such dates, and payable to such persons, as the directors of said company may deem advisable, till the whole amount of bonds mentioned in such mortgage or deed of trust is executed and sold; and the said mortgage and deed of trust shall be as valid and effectual to secure the payment of the bonds, so executed and sold, and every part thereof, as if the same and every part thereof had been executed with even date with said mortgage and deed of trust. *Mortgages and deeds of trust.*

§ 21. Whenever it shall be necessary for the construction of said railway, to intersect or cross the track of any other railway, or stream of water, or water-course, road or highway, on the route of said railway, it shall be lawful for the company to construct their railway upon the same: *Provided,* that the said company shall restore the railway, stream of water, water-course, road or highway, thus intersected or crossed, to its former state, or in a sufficient manner not materially to impair its usefulness: *And provided, further,* that for the purpose of extending said railway into *Crossings, etc.*

Vol. II—45

the county of Tazewell, as authorized by section 2 of this act, said corporation may construct and maintain a drawbridge, or such other kind of form of bridge, across the Illinois river, as shall be sufficient to subserve the purpose of said railway, and shall not materially obstruct the navigation of said river.

*Penalties for obstructing passage of cars, and destruction of property, etc.*

§ 22. If any person or persons shall willfully or negligently do, or cause to be done, any act or acts whatever, whereby the said railway or any part thereof, or any building, construction or work of said company, or any engine, machine, structure or matter or thing appertaining to the same, shall be stopped, obstructed, weakened, impaired, injured or destroyed, the person or persons so offending shall forfeit and pay to the said company treble the amount of the damage sustained by reason of such offense, to be recovered, with costs of suit, in the name of said company, by action of debt; and such offender or offenders shall be deemed guilty of a misdemeanor, and be subject to indictment and punished as in other cases.

*Consolidations.*

§ 23. The said company is hereby authorized to unite or or consolidate its railway stock and property with that of any other railway company or companies whose line or lines of road may intersect or connect, by continuous lines, or at either terminus, or at the terminus of the extension herein authorized, or which may be on or near the line thereof; or it may purchase, lease, sell or make any arrangement it may deem proper with any such railway company, or with any other company whose line of road may form a continuous line with the railway hereby authorized, to or from either terminus; and in the event of consolidation, the companies so consolidating may take upon themselves any name and style of designation they may think proper; and they shall be vested with all powers, privileges and franchises of each or both or all of the companies, and may borrow money upon mortgage or deed of trust upon the property of one or all of said companies, at their option: *Provided*, that this section shall not be so construed as to allow any consolidation or arrangement with any other company which will materially divert the road herein authorized to be built from the line herein contemplated.

*Business and operations.*

§ 24. The said company may take and transport, on said railway, any person or persons, merchandise or other property, by whatever motive or propelling power and force it may deem proper, and may fix, establish, take and receive such rates of toll or freight, for all passengers and property transported upon the same, and for the storage of merchandise and other property under their charge, as the directors, from time to time, shall establish, and shall have power to provide all necessary stock and materials for the operation of said railway; and shall have power to erect and maintain all necessary depots, stations, shops and

other buildings and machinery for the accommodation, operation and management of said railway.

This act shall be deemed a public act, and shall be favorably construed for all purposes herein expressed and declared, and shall be in force from and after its passage.

APPROVED March 7, 1867.

---

AN ACT to incorporate the Grafton and Alton Railroad Company. *In force March 7, 1867.*

SECTION 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That Isaac Scarritt, William H. Allen, Silas Farrington, William V. Shephard and Henry O. Goodrich, and their associates and successors, are hereby created a body corporate and politic, under the name and style of "The Grafton and Alton Railroad Company," with perpetual succession; and under this name shall be capable of suing and being sued, pleading and being impleaded, defending and being defended against in law and equity, in all courts and places whatsoever, in like manner and as fully as natural persons; may have and use a common seal, and alter or renew the same at pleasure; and by their said corporate name and style shall be capable, in law, of contracting and being contracted with: shall be and are hereby invested with all the powers, privileges, immunities and franchises, of receiving and disposing of real and personal estate, which may be needful to carry into effect, fully, the purposes and objects of this act. And said company are hereby authorized and empowered to locate, construct and complete a railroad, commencing at or within the limits of the town of Grafton, in the county of Jersey, to and within the limits of the city of Alton, in the county of Madison. *[Corporators. Name and style. Powers. Line and route of road.]*

§ 2. The capital stock of said company shall consist of four hundred thousand dollars, and may be increased by said company to one million dollars, to be divided into shares of one hundred dollars each. The immediate government and direction of said company shall be vested in seven directors, who shall be chosen by the stockholders of said company in the manner hereinafter provided, who shall hold their office one year after their election, and until others shall be duly elected and qualified to take their places as directors—a majority of whom shall form a quorum for the transaction of business; shall elect one of their number to be president of the company, and shall have power to appoint or elect such other officers as they shall deem proper. *[Capital stock.]*