**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DON WAYNE McDANIEL** *et al.*, individually and as representatives of a class of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**QWEST COMMUNICATIONS COMPANY, LLC** *et al.*,<br><br>Defendants. | Case No. 05 C 1008<br><br>Hon. Rebecca R. Pallmeyer |

**ORDER APPOINTING
THE HONORABLE WAYNE R. ANDERSEN (RET.) SPECIAL MASTER**

This cause coming to be heard at the court's request, due notice having been given, the parties having appeared through their counsel, it is hereby agreed and ordered as follows:

1. With the agreement of all parties, pursuant to Rules 23(h)(4) and 53(a)(1)(A) of the Federal Rules of Civil Procedure, the court hereby appoints the Honorable Wayne R. Andersen (Ret.) ("Judge Andersen") for the purpose of assisting the court in allocating the attorneys' fees awarded in this action. (*See* Order Awarding Attorneys' Fees and Reimbursing Expenses to Settlement Class Counsel and Approving Payment of Incentive Awards to Settlement Class Representatives, Aug. 29, 2011, ECF No. 299.)

2. Judge Andersen shall be advised by the movant or proponent of all motions. Judge Andersen may also, in his sole discretion, generate written reports and forward same to the court without providing the same to counsel of record. The court, in its discretion, may share such reports with counsel of record.

3. Judge Andersen shall have access to any and all relevant, non-privileged documents in this action.

4. Judge Andersen shall establish procedures for discovery, if any, and submission of documents for *in camera* review.

5. All documents (as the term is defined in FED. R. CIV. P. 34) generated by Judge Andersen shall be maintained in a segregated file by him, separate and distinct from any file of JAMS. All parties agree and acknowledge and the court orders that any document (as the term is defined in FED. R. CIV. P. 34) generated by Judge Andersen shall not be discoverable in this or any subsequent proceeding unless it is filed in the public record by the court.

6. Each attorney of record in this action may initiate oral or written *ex parte* communications to Judge Andersen for the following limited purposes: (a) to communicate the time and place of meetings relating to this action; and/or (b) to transmit to Judge Andersen motions the party seeks to file prior to the filing of the motions with the court. Other than as set forth above, no attorney of record in this matter may initiate any oral or written communication with Judge Andersen that refers or relates to this action without notice to all other counsel of record.

7. The parties acknowledge and agree that the court and Judge Andersen may communicate regarding this matter on a regular basis. Such communications may be oral or written. Such communications shall not be discoverable in this or any other proceeding. Such communications shall not become part of the record in this case. For purposes of this paragraph and paragraph 2, the court shall include any District Judge to which this case is assigned and any Magistrate Judge to whom this case may be referred.

8. The parties acknowledge and agree that Judge Andersen, in his sole discretion, may initiate contact with any counsel of record in this matter for any purpose relating to this action. Such communications may be oral or written. Such communications shall not be discoverable in this or any other proceeding. Such communications shall not become part of the record in this case. If Judge Andersen believes, in his sole discretion, that an issue has arisen which requires communication to all counsel of record, then he shall initiate such communication in an appropriate fashion.

9. The parties acknowledge and agree that Judge Andersen, in his sole discretion, may

initiate contact with mediators Eric D. Green and/or James D. Wilson who oversaw the mediation process pursuant to the Mediation/Arbitration agreement ("Med/Arb") and the court's August 29, 2011 order awarding attorneys' fees (ECF No. 299). Such communications may be oral or written. Such communications shall not be discoverable in this or any other proceeding. Such communications shall not become part of the record in this case.

10. Any and all communications by and between any attorney of record, the mediators and Judge Andersen, and any documents submitted by any attorney of record to Judge Andersen for *in camera* review, are not discoverable or admissible for any purpose. Furthermore, in order to encourage the disclosure of what might be work product, the court finds no claim of abrogation of either the work product or attorney-client privilege will result as a consequence of any communications or document production between or among any attorney(s) of record and Judge Andersen.

11. Judge Andersen shall be compensated by the parties to this action for services rendered and expenses reasonably necessary to fulfill his obligations under this order. The payment of such fees and expenses is to be made in the first instance from the fees awarded in this action and deposited in escrow at U.S. Bank in New York. (*See* Order, Aug. 29, 2011, ECF No. 299.) Payment shall be on a monthly basis, following court approval of such amounts, using the hourly billing rate of $600.00 which the court finds are reasonable given the circumstances of this matter.

12. Judge Andersen is not empowered or required to take any action or exercise any power not specifically provided for herein.

ENTER:

Dated: January 5, 2012

_____
REBECCA R. PALLMEYER
United States District Judge