IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON WAYNE McDANIEL, *et al.*, individually and as a representative of a class of persons similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>QWEST COMMUNICATIONS COMPANY, LLC *et al.*,<br><br>      Defendants. | Case No. 05 C 1008<br><br>Hon. Rebecca R. Pallmeyer |

**CERTAIN ARBITRATING COUNSEL'S JOINT MOTION FOR ENTRY OF JUDGMENT, AS TO ARBITRATING COUNSEL ONLY, ON THE FINAL ARBITRATION AWARD, AND FOR THE COURT TO ADOPT THE FEE-AND-COST ALLOCATION IN THE FINAL ARBITRATION AWARD AS TO THE NON-ARBITRATING COUNSEL**

Pursuant to 9 U.S.C.A. § 9, certain of the Arbitrating Counsel[1] request that the Court enter judgment, as to the Arbitrating Counsel only, on the March 6, 2012 Fiber-Optic-Cable Fee Allocation Arbitration Award and Basis for Decision (the "Final Arbitration Award")[2].

---

[1] The Arbitrating Counsel comprise (1) the "45-firm group," consisting of four sub-groups totaling 45 law firms led by Ackerson Kauffman Fex, P.C., Cohen & Malad, LLP, Solberg, Stewart, Miller & Tjon, Ltd., and Hare, Wynn, Newell & Newton; (2) the "Litman Group," consisting of Seth A. Litman, Esq. and Alembik, Fine & Callner; (3) John C. Sullivan, Jr., Esq.; and (4) the estate of Hugh V. Smith, Jr., Esq. (deceased). The 45-firm group files this Motion on behalf of the 45-firm group only. The 45-firm group asked the Litman Group, Mr. Sullivan, and the estate of Mr. Smith to join in this Motion but they declined to do so at this time. Presumably, they will separately inform the Court of their respective positions concerning this Motion. Pursuant to the Court's January 5, 2012 Order, a copy of this Motion is being provided to the Special Master, Judge Wayne R. Andersen (Ret.). (Doc. #340.)

[2] A copy of the Final Arbitration Award (Doc. #299) is attached as Exhibit A.

Additionally, the 45-firm group requests that the Court adopt the fee-and-cost allocation in the Final Arbitration Award as to the Non-Arbitrating Counsel[3].

In support of this Motion, the 45-firm group states as follows:

1. In 2006 and 2007, various plaintiffs' counsel executed the Agreement to Negotiate, Mediate and, if Necessary, Arbitrate Division of Attorney-Fee and Costs Award (the "Med-Arb Agreement").[4] The Med-Arb Agreement created a three-step process—negotiation, mediation, and binding arbitration (if necessary) — for determining the division among the various plaintiffs' counsel of attorneys' fees and expenses awarded in the right-of-way litigation.. Med-Arb Agreement ¶¶ 1-3.

2. On August 29, 2011, the Court entered its Order Awarding Attorneys' Fees and Reimbursing Expenses to Settlement Class Counsel and Approving Payment of Incentive Awards to Settlement Class Representatives (the "Final Fee Award"), in which the Court approved the award of $3,453,000 in fees and expenses (the "Illinois Fee"). The Court issued the Final Fee Award in connection with settlement of this matter — which is generally known as the Illinois fiber-optic-cable right-of-way litigation.[5]

3. As part of the Final Fee Award, the Court ruled that "the Parties are expected to proceed pursuant to the mediation/arbitration agreement—signed by all but two attorneys involved in this case—concerning allocation of the attorneys' fees and reimbursement of expenses awarded herein." Final Fee Award at 10.

---

[3] The Non-Arbitrating Counsel are limited to the "Susman/Gotfryd group," consisting of Susman, Heffner & Hurst, LLP, William T. Gotfryd, Esq., Murray, Tillotson, Nelson & Wiley, and Donaldson & Guin, Ludens Potter Melton & Calvo.

[4] A copy of the Med-Arb Agreement is attached as Exhibit B. (*See also* Doc. #290-6.)

[5] A copy of the Final Fee Award is attached as Exhibit C.

2

4. As the Court ordered, and the Med-Arb Agreement required, all the Arbitrating and Non-Arbitrating Counsel attempted to negotiate an acceptable allocation of the Illinois Fee. Unfortunately, their efforts were unsuccessful, although the 45-firm group was able to negotiate the internal division of all fees and costs that courts have awarded or may award to it.

5. After counsel exhausted the negotiation step of the process, all the Arbitrating Counsel and Non-Arbitrating Counsel mediated this matter before mediators James D. Wilson and Eric D. Green. *See* Final Arbitration Award at 2.

6. The mediation attempted to resolve the allocation of all fees and expenses that courts have awarded or may award in any of the right-of-way matters nationwide (the "Gross Fees"). Med-Arb Agreement ¶ 2; Final Arbitration Award at 2. The counsel that participated in the mediation included both the Arbitrating Counsel and the Non-Arbitrating Counsel. *See id*; Final Arbitration Award at 2. As part of the mediation, all parties provided "extensive and comprehensive" submissions that detailed the hours and expenses each firm incurred during the decade-long course of the right-of-way litigation. Final Arbitration Award at 3. The submissions generally described each counsel's claimed contributions to the national and state-by-state litigation and settlement efforts. *Id.* Additionally, many of these mediation submissions commented on the claimed contributions of other counsel. *Id.*

7. Counsel's efforts to resolve this matter through mediation also failed. After two face-to-face sessions with Counsel, the mediators declared an impasse and the arbitration was commenced. *Id.* at 2. Under the terms of the Med-Arb Agreement, mediators James D. Wilson and Eric D. Green also served as the arbitrators (the "Arbitrators"). Med-Arb Agreement ¶ 3.

8. The scope of the arbitration was limited to allocating the Illinois Fee. And it did not involve the personal appearance of counsel, but rather was conducted on the basis of the

voluminous papers submitted in connection with the mediation. The only group of counsel that did <u>not</u> participate in the arbitration was the Susman/Gotfryd group. Final Arbitration Award at 1. But as explained in further detail below, in making the Final Arbitration Award, the Arbitrators did consider the mediation submission of the Non-Arbitrating Counsel, as well as the Arbitrators' own observations of the Non-Arbitrating Counsel's contributions to the litigation and settlement of the national and Illinois right-of-way litigation. Moreover, per the terms of the Med-Arb Agreement, the Arbitrators allocated a portion of the Illinois Fee to the Non-Arbitrating Counsel.

9. On March 6, 2012, the Arbitrators rendered the Final Arbitration Award. The Arbitrators based the Final Arbitration Award on: (1) the evidence and supporting documentation that all parties submitted in the mediation (including the Non-Arbitrating Counsel); (2) Various Arbitrating Counsel's supplemental submissions in the arbitration; and (3) the Arbitrators' "unusually extensive and comprehensive" personal observations over the last ten years of the various counsels' relative contributions to the litigation and resolution of the right-of-way litigation, including their personal observations of the Non-Arbitrating Counsel. *Id.* at 3-7.

10. Under the terms of the Med-Arb Agreement, the Final Arbitration Award included fees and costs allocated to counsel that did not sign the Med-Arb Agreement (and that chose not to participate in the arbitration) but that claimed a portion of the Illinois Fee. *See* Med-Arb Agreement ¶¶ 3, 11; Final Arbitration Award at 8-10. The Arbitrating Counsel are all bound by the Final Arbitration Award, including the allocation of the Illinois Fee to the Non-Arbitrating Counsel. *See* Med-Arb Agreement ¶¶ 3, 11.

4

11. Based on all the mediation and arbitration submissions and their personal observations, the Arbitrators allocated the Illinois Fee as follows:

| | |
|---|---:|
| 45-firm group | $2,982,052 |
| Litman Group | $36,382 |
| Sullivan (and Smith) | $14,875 |
| Non-Arbitrating Counsel (the Susman/Gotfryd Group) | $419,691 |
| **TOTAL** | **$3,453,000** |

Final Arbitration Award at 10.

12. Under the terms of the Med-Arb Agreement, any signatory may apply to any district court with jurisdiction to have it enter judgment on the Final Arbitration Award. *See* Med-Arb Agreement ¶ 3.

13. Under Paragraph 3 of the Med-Arb Agreement and 9 U.S.C.A. § 9, the 45-firm group respectfully requests that the Court enter judgment, as to the Arbitrating Counsel only, on the Final Arbitration Award.

14. Additionally, the 45-firm group requests that the Court adopt the Final Arbitration Award and its allocation of the Illinois Fee as to the Non-Arbitrating Counsel.

15. Adoption of the Arbitrators' allocation of the Illinois Fee as to the Non-Arbitrating Counsel is appropriate because the Final Arbitration Award reflects the relative contributions of all the attorneys to the creation of the settlement fund from which the Court awarded the Illinois Fee. *See generally* Final Arbitration Award. *See also* 4 Newberg on Class Actions § 14:9 (4th ed.) (overall class attorneys' fee award should be allocated "among participating counsel based on the reasonable efforts and relative responsibilities they exercised" leading to the class settlement or award). The Arbitrators' determination of each counsels' relative contributions is based on all the parties' extensive submissions — including a 38-page submission and exhibits from the Non-Arbitrating Counsel — as well as the Arbitrators'

5

observations of each counsels' contributions over the last ten-plus years of the litigation and settlement negotiations. Final Arbitration Award at 3-7. On its face, the Final Arbitration Award is well-reasoned, well-supported, and equitable.

## CONCLUSION

Under a valid and enforceable agreement, binding on the Arbitrating Counsel, the allocation of the Illinois Fee was arbitrated. The Arbitrators considered all necessary and appropriate information and ultimately entered a well-reasoned, well-supported, and equitable allocation among the appropriate counsel. The Non-Arbitrating Counsel participated in the mediation that preceded the arbitration. They submitted the information necessary for the Arbitrators to determine their share of the Illinois Fee — information that identified the Non-Arbitrating Counsel's efforts that contributed to the settlement of the Illinois right-of-way litigation. Based on all the foregoing, the 45-firm group requests that the Court: (1) enter judgment as to the Arbitrating Counsel on the Final Arbitration Award and (2) adopt the allocation of the Illinois Fee in the Final Arbitration Award as to the Non-Arbitrating Counsel.

Dated: March 23, 2012 	Respectfully submitted,

**ACKERSON KAUFFMAN FEX, PC**

/s/ Kathleen C. Kauffman
Kathleen C. Kauffman (IL Bar #6191384)
Nels J. Ackerson
1701 K Street, NW, Suite 1050
Washington, DC 20006
Tel: (202) 833-8833
Fax: (202) 833-8831
Email: kauffman@ackersonlaw.com

Of Counsel

Andrew W. Cohen
KOONZ, MCKENNEY, JOHNSON,
 DEPAOLIS & LIGHTFOOT, LLP
2001 Pennsylvania Avenue, NW, Suite 450
Washington, DC 20006

Scott D. Gilchrist
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

Scott A. Powell
HARE, WYNN, NEWELL & NEWTON
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35203

Dan Millea
ZELLE HOFMANN VOELBEL &
 MASON LLP
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415

Henry J. Price
PRICE, WAICUKAUSKI & RILEY, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204

Irwin B. Levin
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204